# MISSOURI, KANSAS & TEXAS RAILWAY COMPANY *v.* WEST.

## ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 696. Motion to dismiss or affirm. Submitted January 5, 1914.— Decided March 23, 1914.

Whether the injured person was or was not an employé of the railway company causing the injury, is a question of fact, and if there is a finding supported by the record that he was not, this court cannot review the judgment of the state court under § 237, Judicial Code, as being invalid because the case was not tried under the Employers' Liability Act. *St. Louis & Iron Mtn. Ry.* v. *McWhirter,* 229 U. S. 265; *St. Louis & San Francisco Ry.* v. *Seale,* 229 U. S. 156, distinguished.

The decision of the state court, based on substantial ground, being that the injured person was the employé of the express company and not the railway company, although performing certain duties for the latter, there is no denial of a Federal right in the refusal of the state court to apply the Federal Employers' Liability Act, and this court must dismiss the writ of error and it is not necessary to notice other errors assigned.

The facts, which involve the jurisdiction of this court under § 237, Judicial Code, to review a judgment of the state court of Oklahoma against a railroad company for damages for death of an express messenger and the application of the Federal Employers' Liability Act to such a case, are stated in the opinion.

*Mr. Thomas D. O'Brien, Mr. Benjamin Martin, Jr., Mr. S. Grant Harris* and *Mr. Charles H. Taylor* for defendant in error, in support of motion.

*Mr. Joseph M. Bryson, Mr. C. L. Jackson* and *Mr. W. R. Allen* for plaintiffs in error, in opposition to motion.

MR. JUSTICE McKENNA delivered the opinion of the court.

Action for damages brought by defendant in error against plaintiff in error (herein called the railway company) for the death of William B. West, husband of the defendant in error, caused by the collision of two trains of the railway company. The case was tried to a jury and resulted in a verdict and judgment for defendant in error in the sum of $15,000. The judgment was affirmed by the Supreme Court of the State, and error was prosecuted from this court.

There is no dispute about the collision, the cause of it, or that it resulted in the death of the deceased. He and the plaintiff below were residents of Kansas and she brought the suit, as she alleged in her complaint, as his widow and for the benefit of herself as such widow and their three minor children. No personal representative of his estate was appointed.

She alleged that the deceased at the time of his death was employed by the American Express Company as express messenger upon the express cars operated by the railway company over its line of railroad from Parsons, Kansas, through the State of Oklahoma, to points in the State of Texas. That in addition to his duties as express messenger he was also engaged in handling passenger baggage upon the express cars of the railway company. The plaintiff then alleged the deceased came to his death in the course of his employment while riding in the express car, by reason of a head-on collision of the train with a freight train between certain stations in Oklahoma.

A demurrer was filed which attacked the legal capacity of the plaintiff to sue for her minor children and the sufficiency of the complaint, and alleged as well that there was a defect of parties. The demurrer was overruled, and the case put at final issue by a third amended answer

(amended again at the trial) filed by the railway company. It denied negligence on its part and alleged negligence on the part of the deceased and that it was engaged in moving interstate commerce. It alleged also that the deceased had made application to the American Express Company at Parsons, Kansas, for a position as a driver of one of its wagons and was engaged by the express company in pursuance of a written application (copy of which was attached to the answer), that he was employed by the express company (a copy of the contract being attached to the answer), and in consideration of his employment he assumed all risk of accident and injury which he should meet with or sustain in the course of his employment, whether occasioned by or resulting from the gross or other negligence of any corporation or person engaged in any manner in operating any railroad or vessel or vehicle, or of any employé of any such corporation or person, or otherwise, and whether resulting in his death or otherwise. That in case of injury he would at once and without demand execute and deliver a good and sufficient release of all claims, demands and causes of action arising out of such injury or connected with or resulting therefrom. That by the terms of his contract he ratified all agreements made by the express company and any such corporation or person that its employés should have no cause of action for injuries sustained in the course of their employment, and agreed to be bound by such agreements as though he were a party thereto, and authorized the express company to contract for him that neither he nor any of his personal representatives, nor any person claiming under him, should claim compensation because of injury sustained by him, whether resulting from gross or other negligence of such corporations, persons, or employés. That such contract should enure to the benefit of any corporation or person over whose railroads or steamboat lines the express company should forward merchan-

dise, and this in consideration of his employment by the express company. That in pursuance of his contract of employment by the express company he was in the express car of the railway company and that he was barred from maintaining the action.

The answer concluded with the following paragraph:

"Further answering, defendant admits that at and prior to the death of the said William B. West, deceased, he was employed by the American Express Company as express messenger upon the express cars operated by the defendant railway company over its line of railroad . . . . and admits that the deceased, William B. West, in addition to his employment as express messenger by the said American Express Company, was also engaged in handling passenger baggage upon the express car of the said defendant railway company, and . . . in performing said duties in handling said baggage, was doing so under and by virtue of his said employment by the said American Express Company, and that such handling of such baggage by said West was for and in behalf of and under the direction of said railway company."

Defendant in error filed a reply to the answer in which she affirmed the allegations of her complaint and denied those of the answer and alleged besides that at the time the contracts set out in the answer were made and ever since the statutes of Kansas provided as follows:

"That railroads in this State shall be liable for all damages done to persons or property when done in consequence of any neglect on the part of the railroad company. . . .

"Every railroad company organized and doing business in the State of Kansas shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents or by any mismanagement of its engineers or other employés, to any person sustaining such damage. Provided that notice in writing that an injury

has been sustained stating the time and place thereof shall have been given by or on behalf of the person injured to such railroad company within eight months after the occurrence of the injury."

A demurrer to the reply was overruled.

The simple question which is presented here is whether the deceased was employed at the time of his death by the railway company or by the American Express Company. On those alternates depends the jurisdiction of this court; and defendant in error, asserting that such employment was a question of fact decided by the state courts against the railway company, makes a motion to dismiss the writ of error.

There were two opinions delivered by the Supreme Court of the State. In its first opinion the court said that the railway company contended that the defendant's liability was controlled by the "Employers' Liability Act," but the court, after quoting its provisions, decided that the pleadings and evidence demonstrated that the deceased was in the employment of the American Express Company at the time of his death and that therefore the National act did not apply. The court also noticed the other rulings which were called to its attention, among others, one based on the action of the trial court refusing to admit in evidence the contracts attached to the answer. The court declined to consider the latter ruling, holding that under the practice of the court the error was not properly before it for review, and for the further reason that in the brief and argument of the railway company the ruling was "not attempted to be insisted upon or urged as error," citing *Noble State Bank* v. *Haskell*, 22 Oklahoma, 48. And the court said the omission could not be cured by a reply brief when the same was not predicated upon a specification of error, permission not having been first obtained for the purpose of amending the specifications of error.

The court was also of opinion that the contract of the deceased by which, it was contended, he assumed the risk of injuries and released all rights of action for them was "void as against public policy, on account of being in contravention of the laws of the State of Kansas and against the public policy" of Oklahoma.

The second opinion was delivered upon a petition for rehearing in which the railway company earnestly combated the conclusions of the court expressed in the first opinion, repeated its contentions and insisted that the case was tried on the theory that the issue made by the pleadings was whether the deceased was an employé of the railway company and that the evidence showed that he was such employé. The court rejected the contentions and decided that the pleadings alleged, and the evidence was consistent with the allegation, that West was employed by the express company.

There is, therefore, a sharp antagonism between the views of the court and of the railway company, and yet there is not much dispute over the elements of the controversy, but rather in the inferences from them.

The essential facts pleaded we have given. The allegation of the complaint is that West, "at and prior to the time" of his death, "was employed by the American Express Company as express messenger upon the express cars operated by said defendant company," and "that in addition to his duties and employment as messenger" he was "also engaged in handling passenger baggage upon" such cars, and "in the course of his employment . . . was riding in one of the express cars" of the railway company. The direct averment, therefore, is that West was employed by the express company and that he handled baggage and was riding in the express cars in the course of this employment and as part of its duties. A relation with the railway company is, it is true, averred. He handled its baggage and rode in its cars. But this did not

make him its employé.  If he was, such is not disclosed by
the complaint, nor is it alleged in the answer of the railway
company.  Indeed, his employment by the express com-
pany is emphasized by the contracts attached to the an-
swer, and a defence is based upon them.  It is averred that
West, by these contracts, assumed all the risks of his em-
ployment by the express company, ratified the contracts
of the latter, authorized it in his name to release any de-
mand he might have for injuries, agreed to be bound by
whatever covenants the company should make, and that
neither he nor any of his personal representatives would
claim compensation for injuries, whether resulting from
negligence or otherwise.  These contracts are explicitly
averred, as constituting the consideration for West's "em-
ployment by said Express Company," and it is alleged
that he was "being transported by this defendant   .   .   .
in pursuance of said contract hereinbefore referred to as
'Exhibit B'" and "that plaintiff is, therefore, now barred
from maintaining this action."

   These allegations do not deny but rather aver the em-
ployment of West by the express company and were in-
tended as a security to that company and through it to
any transportation company or person.  Their basis dis-
tinctly is that injury might result to West in his employ-
ment and they were intended to prevent legal liability for
it.  Whether they had that effect is not a Federal question.

   The railway company, however, contends that the evi-
dence conclusively shows that the deceased was an em-
ployé of the railway company, and that certainty of proof
is no doubt asserted for it to countervail the combined
judgments of the jury and of the trial and Supreme Courts.
The latter court in its second opinion, however, consider-
ing the effect of the contracts between the express com-
pany and the deceased and the oral evidence upon which
the railway company relied, said, "We therefore find with
the court below that the pleadings and the evidence con-

clusively show that the deceased suffered the injuries that resulted in his death while he was employed by the express company, and not while he was employed by the railway company in interstate commerce within the meaning of the Federal Employers' Liability Act." The court hence decided that the action was governed by the statutes of Oklahoma.

What the pleadings alleged and what the contracts showed we have already adverted to. The testimony relied on is that of one of the superintendents of the express company who, in testifying as to the relation between the deceased and the railway company, said that the deceased was, "agent, messenger and baggageman," and by this was meant that he "worked for both companies," and that the proportion of payment by the companies was an "equal division." That his duties were that he "received the baggage at the stations, made a record of it, and put it off at its destination in the same manner any baggageman did." The witness further said that the deceased knew that he was to handle the baggage of the railway company and act as joint employé of it and the express company and was "told to post himself in the work of both companies." On cross-examination, however, the witness testified that all of the salary of the deceased "came from the express company." The railway company "paid us one-half of his salary; we drew a bill against them in his name and the other baggagemen."

Counsel for the railway company urge that the strength of this testimony is such that it needs no reinforcement from argument, and they say that it has confirmation besides in a circular letter addressed by the superintendent of the express company to all of the messengers of the company. The letter, however, was not admitted in evidence and no error was assigned in the Supreme Court upon the ruling. We are unable, therefore, to consider it, notwithstanding counsel's plaint—often repeated—that

they were deceived by their conception, justified it is insisted, that the case was tried upon the theory that the deceased was an employé of the railway company.

This theory the railway company makes a great deal of. It constituted the basis of the petition for rehearing, and, by disregarding it, it was contended and is contended, the court was led into error. The court, however, rejected the theory, deciding that it was not justified by the pleadings, complaint or answer, nor by the evidence in the case.

The court grouped the contentions of the railway company under four heads: (1) Plaintiff in the action (defendant in error here) was not the proper party to maintain the action; (2) error in instructions; (3) error in excluding the three written contracts attached to the answer; (4) amount of damages.

The first contention is the determining one, as we have already said. Upon it depends the Federal question, that is, whether the laws of Oklahoma controlled the action or the Employers' Liability Act. And this turns necessarily upon the other question, whether the deceased was employed by the railway company or by the express company,—a question of fact found in the first instance by the jury against the present contention of the railway company and sustained by the trial court on motion for a new trial, and the Supreme Court in two opinions.

The finding having support in the record, it is contended that this court cannot question it, and that therefore the writ of error should be dismissed. The railway company cites in resistance the case of *St. Louis & Iron Mountain Ry. Co.* v. *McWhirter*, 229 U. S. 265, and *St. Louis & S. F. Ry. Co.* v. *Seale*, 229 U. S. 156. The cited cases are not like the case at bar. In the *McWhirter Case* the action was in express terms based on a statute of the United States, the Hours of Service Act of 1907. It was contended that the pleadings embraced as well an action at common law and that such cause of action was sustained and was

broad enough to support the judgment, irrespective of what may have been decided concerning the statute of the United States, and a motion to dismiss was made. The contention was rejected and the motion was denied. It was recognized that the case coming from a state court, the power to review was controlled by Revised Statutes, § 709, but it was said, however (229 U. S. 277), that "where in a controversy of a purely Federal character the claim is made and denied that there was no evidence tending to show liability under the Federal law, such ruling, when duly excepted to, is reviewable, because inherently involving the operation and effect of the Federal law."

In the *Seale Case* the question was whether the plaintiff in error in the case (the railway company) was engaged in interstate commerce. There was no question of the employment by the railway company. The state court decided the question in the negative, holding that the evidence did not bring the case within the Employers' Liability Act. The case was brought here by writ of error and jurisdiction entertained against a motion to dismiss, and, after examining the evidence, we reversed the ruling of the state court.

In the case under review the pleadings state a cause of action under the state law and there is no question of the character of the commerce in which the railway company was engaged; the only question is whether the deceased was its employé or that of the express company. If the answer to the question depended upon evidence it might be said that the cited cases are the same in principle, both the fact of interstate commerce and the fact of employment by the railway company of the deceased being conditions which would bring the case under the Federal enactment; or that such employment was one of those subsidiary or connecting facts into which this court will inquire as determining its jurisdiction, of which there are examples. *Kansas City Southern Ry. Co.* v. *Albers Commission Co.,*

223 U. S. 573; *Cedar Rapids Gas Co.* v. *Cedar Rapids*, 223
U. S. 655; *Brinkmeier* v. *Missouri Pacific Ry. Co.*, 224 U. S.
268; *Criswell* v. *Knights of Pythias*, 225 U. S. 246. At any
rate, we might, if the fact turned on the evidence, say
that the Federal question asserted was not manifestly
lacking in color of merit and follow, therefore, the ruling
in *Swafford* v. *Templeton*, 185 U. S. 487.

But the Supreme Court of the State rested its decision
upon the allegation of fact of employment of the deceased
by the express company and the admission of the fact in
the answer of the railway company, and held that there
was nothing in the course of the trial which obviated the
effect of the allegations and admissions of the pleadings.
The court, after quoting the paragraph of the answer
which we have given above, said that its "admissions are
in entire harmony with the balance of the answer, which
contains allegation after allegation positively stating that
the deceased was employed by the express company con-
tinuously for a great many years prior to his death, and
the contracts of employment between the express com-
pany and the deceased are attached to the answer and
made a part thereof, and certain waivers contained therein
are relied upon as a defense." And, further, "From the
pleadings alone it is clear that 'the deceased suffered the
injuries which resulted in his death while he was employed
by the express company, and not while he was employed
by the railway company; and that the parties did not
attempt to join an issue of fact upon that question." The
expression in the opinion was that if the evidence disclosed
a case different from that alleged in the pleadings, the
Federal statute would control and *St. Louis & S. F. Ry.
Co.* v. *Seale*, 229 U. S. 156, would be applicable. But the
court said that the testimony of Adams, the superinten-
dent of the express company, relied on by the railway
company, was "in no way inconsistent with the allegations
of the petition and the admissions of the answer," because

"the witness merely drew erroneous conclusions from admitted facts, and that his testimony as a whole supplemented the allegations of the petition and the admissions of the answer by more fully disclosing the relations existing between the express company and the deceased, and the express company and the railway company, and made it more clearly apparent that the decedent was rightfully on the train."

The court, therefore, considered the case distinguishable from the cases cited by the railway company (*M., K. & T. Ry. Co.* v. *Reasor* (Tex.), 68 S. W. Rep. 332; *Vary* v. *C. B. R. & M. Ry. Co.*, 42 Iowa, 246; *Oliver* v. *Northern Pac. Ry. Co.*, 196 Fed. Rep. 432) and made no comment upon them except to say that they in no way conflicted with the conclusion reached.

The state court having decided, with substantial grounds for the decision, that the pleadings and evidence show an action under the employment by the express company, no denial of Federal right is involved, and, therefore, motion to dismiss must be granted. And, as the action was brought under the state law and not under the Federal law, it becomes unnecessary to notice errors assigned by the railway company, including that based on the instruction of the trial court that a verdict could be rendered by three-fourths of the jury.

*Dismissed.*