# OVERTON *v.* STATE OF OKLAHOMA.

**ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.**

No. 40. Submitted October 19, 1914.—Decided November 9, 1914.

The court having instructed the jury that if the shipment of liquor within the State was to complete an interstate shipment the local prohibition statute did not apply, the contention that § 4180, Snyder's Compiled Laws of Oklahoma, is repugnant to the commerce clause of the Federal Constitution, *held* too frivolous to support the jurisdiction of this court to review the judgment of the state court on writ of error.

The record in this case not justifying the assumption that the conclusion of guilt could only have been reached by disregarding proof, this court has no jurisdiction to review the judgment of the state court on writ of error on that ground; it is frivolous.

Writ of error to review 7 Oklahoma Cr. 203, dismissed.

THE facts are stated in the opinion.

*Mr. Charles B. Stuart* and *Mr. A. C. Cruce* for plaintiff in error.

*Mr. Charles West*, Attorney General of the State of Oklahoma, for defendant in error.

Memorandum opinion by direction of the court, by MR. CHIEF JUSTICE WHITE.

The verdict and sentence were on an indictment for illegally moving liquor (§ 4180, Snyder's Compiled Laws of Oklahoma, 1909). The defense was that the movement was to complete an interstate shipment from Missouri. The court instructed that the statute did not apply to such a shipment and hence if the movement was as asserted, there must be an acquittal. Under this situation the contention here made that the statute was repugnant to the commerce clause is too frivolous to support jurisdiction. And this is also true of the contention that there is jurisdiction because the facts establish that the conclusion of guilt could only have been reached by plainly disregarding the proof as to the character of the shipment, thus in fact applying the statute to interstate commerce,[1] since the record affords no justification for the assumption upon which the proposition rests.

*Dismissed for want of jurisdiction.*

---

[1] *Kansas City Southern Ry. Co.* v. *Albers Commission Co.,* 223 U. S. 573, 591; *Creswill* v. *Knights of Pythias*, 225 U. S. 246, 261; *Southern Pacific Co.* v. *Schuyler*, 227 U. S. 601, 611; *Portland Ry. Co.* v. *Oregon R. R. Com'n*, 229 U. S. 397, 411–412; *Miedreich* v. *Lauenstein*, 232 U. S. 236, 243–244; *Missouri, Kans. & Tex. Ry.* v. *West*, 232 U. S. 682, 691–692.