## LIABILITY FOR EXPLOSION FROM LEAK IN GAS PIPE WITHIN THE CURB LINE.

Court of Appeals for Columbiana County.

MARION COOPER v. THE TRI STATE GAS COMPANY.

Decided, April 8, 1914.

*Gas and Inspection of Gas Pipe—No Continuing Liability on Gas Company to Keep Pipes in Safe Condition Within the Curb Line, When —Pleading—Failure of Notice as to Leak.*

1. A gas company engaged in furnishing natural gas to the inhabitants of a municipality for consumption by means of lines of pipe laid in the streets and to the curbs thereof, where such pipes are connected with pipes conveying such gas over the premises and into the dwelling-houses of consumers thereof, such pipes from the curb into the dwelling-houses having been installed and being now maintained and controlled by such property owners and consumers, the same having been properly inspected before gas was turned in, is not thereafter required to inspect the same, nor is there a continuing liability on the part of such company to see that such piping is kept in safe and proper condition for the transportation of such gas.

2. In order to constitute a cause of action against a gas company by reason of failure to inspect gas pipes installed, owned, maintained and controlled by a consumer of gas leading from the curb into the dwelling-house of such consumer, where damage to such con-

sumer was caused by leaks in such pipes owing to natural decay or other faulty condition arising after a number of years of use thereof, there must be sufficient facts alleged to show notice to the company of such defective condition, or facts from which an inference of duty to inspect such pipes arises either from contract, custom or franchise.

*W. F. Lones*, for plaintiff in error.

*Brookes & Thompson* and *William C. O'Neill*, contra.

NORRIS, J.; METCALFE, J., and POLLOCK, J., concur.

Plaintiff in error was plaintiff below and filed an amended petition in the lower court, to which the defendant demurred on the ground that the petition did not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and the plaintiff, not desiring to plead further, entered up a judgment dismissing the case. Error is assigned in this court to sustaining that demurrer.

The petition, in substance, states:

The defendant is a corporation engaged in the business of supplying natural gas to the citizens of the city of Wellsville and other cities for heating and lighting purposes, and has gas pipes laid in the streets of said city from which gas is supplied to the individual houses by service lines extending from such pipes in the street to the houses of the inhabitants; that the plaintiff was the owner of a lot or tract of land upon which her dwelling-house was situated in the city of Wellsville, and that the defendant had been supplying her with natural gas for use in such dwelling-house for a number of years; that the gas was conducted from the lines in the street over her land to her house, and her house was about eight feet from the line of the street, she paying for the gas a certain rate per thousand feet; that the defendant maintained and owned such of the pipe line as were constructed in the street up to the curb in front of plaintiff's property, and the plaintiff installed, maintained and owned the service pipe line leading from the curb to and upon the lot upon which her dwelling was located, and through said lot into her said dwelling-house; that on or about the 17th day of January, 1912, owing either to natural decay or other faulty condi-

tion, said service pipe so installed by plaintiff, began to leak at a point on plaintiff's said lot, about one foot from her said dwelling-house, and between the meter and her said dwelling-house, and the gas escaping therefrom percolated through the ground into plaintiff's dwelling-house, where it exploded and caused the damages complained of.

The plaintiff further says that as far as she knows the defendant had no actual knowledge of the faulty condition of said service pipe or that said gas was escaping from the same; but alleges that it was the duty of said defendant to have inspected said service pipe at the time the same was installed on her said premises; and to have inspected the same from time to time thereafter, and by the exercise of ordinary care in inspecting said service pipe, said defendant would have discovered the faulty condition of the same in time to re-place said service pipe and prevent said explosion. And she says that the defendant negligently and carelessly failed and neglected to so inspect said service pipe on said plaintiff's said premises at any time, and negligently and carelessly continued to deliver its gas through the same to plaintiff's said premises; and by reason of the said negligence the gas was permitted to escape through said pipe and caused the damages aforesaid.

It will be observed that there are no facts alleged in this petition from which the duty of the defendant company to inspect these lines arises. Plaintiff alleges that the company did not inspect, but alleges no facts by way of contract or custom, or other facts from which it might be said that a duty arose to inspect the service lines in her dwelling-house, or other dwelling-houses in the city of Wellsville. Then the question arises whether, from the situation and from the facts set out in this petition, it can be said that a duty arose on the part of the gas company to inspect the lines in the dwelling-house, and on the private premises of the owners of these lines inside the curb.

We have been cited to a number of cases which we have examined, but there is no reported case in this state, so far as we have been able to find, or have been referred to upon this question,

The first case upon which counsel for plaintiff in error rely, is the case of *Washington Gaslight Company* v. *District of Columbia*, 161 U. S., 316. The first proposition of the syllabus in that case is as follows:

"It is the duty of a gas company to supervise and keep in repair a gas box which is part of the apparatus of the company, and is placed in a sidewalk to afford means for turning on or off the gas from a house, when it has entire control of the box to the exclusion of the property owner, although the latter is required to pay for the gas box and connection."

In this case it appears that a deep and dangerous hole was at this place where the gas box was, and that a resident of the District of Columbia fell into this hole through its not being properly guarded or covered, and recovered damages against the city of Washington. Then the city, under its arrangement, the franchise under which the gas company had a right in the city, brought suit to recover over the amount that had been allowed to the plaintiff in the first case.

Justice White, in stating the opinion, says:

"It was proved on the trial of the case to have been an open gas box placed and maintained in the sidewalk by the gas company for its own use and benefit, and which it was its duty to repair; that this duty had been grossly neglected by allowing the box to remain unrepaired, thus causing the injury for which the city had been held liable. The declaration, moreover, averred notice to the gas company and the fact that adequate opportunity was given it to defend, and the failure of the gas company to act in defense of the suit," and so on.

It seems to us there is a vast difference between that case and the one we have set forth in this petition. The court says in the opinion:

"It would be unreasonable to infer that Congress when it authorized the use of the streets or sidewalks for the purpose of the gas company's business, contemplated that the city of Washington or its successor, the District of Columbia, should keep in repair such apparatus, the continued location of which in the sidewalks of the city was permitted, not only as an incident to the right to make and sell gas, but also for the pecuniary benefit of the gas company."

The next case referred to is the case of *Gas Company* v. *Creighton,* 183 Federal, 552, and the point in that is stated in the first proposition of the syllabus in the Circuit Court of Appeals of the Sixth Circuit:

"A gas company, which through its pipes supplies gas to a house and has control of the apparatus for cutting it off, when notified that gas is escaping in the house and informed of injury and danger to inmates therefrom, owes a duty to the occupants of the house to exercise reasonable diligence in shutting off the gas therefrom, and it is immaterial that the pipes where the leak occurred were owned by the owner of the house."

And that rule would apply here if the gas company had been notified by the owner of the house of this defective pipe, and that gas was escaping therefrom; but it does not seem to us to touch the question of the duty of the gas company, in the first instance, to inspect it from time to time for the purpose of ascertaining the condition of the pipes without any information from the property owner. Another case cited is that of *Schmeer* v. *Gaslight Company of Syracuse,* reported in 42 N. E., 202, by the Court of Appeals of New York. Without taking time to read the syllabus, I read from the opinion of Justice Peckham, on page 203:

"While this gas remained on the premises of the manufacturer, or while it was being conducted through its own pipes to different parts of the city, there can be no doubt that the company was bound to exercise vigilance to prevent injury to third parties from the dangerous qualities of the gas. The question is where its responsibility ended. The claim is made on its behalf here that such responsibility had certainly determined before this explosion occurred. It is urged that it had no responsibility for putting the piping into the house, as it was done by third parties under the employment of the owner; that it had no charge of such piping after it was fitted in the building; that the gas was turned on by third parties, without consultation with, or knowledge on the part of, the officers of the company, which simply was accustomed to; and in this case did, permit any one to turn on the gas after plans had been submitted to it, and a meter had been provided by it upon application."

In this case the other parties put the lines in the building, and without any inspection on the part of the gas company, it turned

on its gas and it resulted in an explosion and injury. Then they further say on the question, after holding that under these circumstances it was a question for the jury and the gas company might be liable, speaking of the delivery of the gas:

"In making that delivery it is not an insurer, but is simply bound, in such a case as this, to that degree of care which the nature of the article it deals in, and the consequences to be apprehended from an accident, reasonably call for. Nor do we assume to say that when once the piping, in cases similar to this, has been fairly and properly examined previous to turning on the gas (if such examination by defendant's servants is called for at all), that thereafter there is a continuing liability on the part of the company to see to it that such piping is kept in proper condition. As the company has no control over the piping, does not put it in, and is not consulted about it, the principle upon which it might be held liable, in cases of this character, at the time of first delivery of gas, if no precaution were taken at all, is simply that it would have the right to refuse to turn on, or permit others to turn on, the gas for the supply of the applicants until properly assured of the condition of the piping in other portions of the building. Having become assured of it and the gas being on, it would not seem that the company ought further to be regarded as liable for the continuous good condition of the piping. Here we may justly say that to impose such a liability upon the defendant would clearly be unreasonable. It would render necessary the examination, at frequent intervals, of all the buildings in the city in which gas was used. This would be so onerous as to be practically impossible of execution, because of the expense to the company. The law ought not to and does not, exact an unreasonable amount of care from anyone. Under the restrictions, however, as above stated, we think the question of defendant's negligence was for the jury."

There are two other cases that still more firmly affirm the doctrine announced last in this case. I will read a portion of the opinion in the case of *State* v. *Gas Company*, 37 Atlantic, 264, Supreme Court of Maryland:

"All the cases agree that, to constitute a good cause of action, there should be stated and proved a right on the part of the plaintiff, and a duty on the part of the defendant in respect to that right, and a breach of that duty by the defendant, whereby the negligence and the injury there must be the relation of cause and effect."

In this case there are no facts alleged in this petition upon which a duty upon the part of the gas company apparently arise. But it is alleged as a conclusion of law that there was negligence in not inspecting these premises without any facts alleged upon which it might be said such duty was imposed upon the gas company.

But the case of *Smith* v. *Pawtucket Gas Company* reported in the 57 Atlantic, 1078, decided by the Supreme Court of Rhode Island, is still stronger:

"The failure of a gas company, on introducing gas into a dwelling, to inspect pipes therein, which have long been out of use, but which were placed therein by the owner, and over which the company has no control, is not negligence, in the absence of any showing of a duty in such respect from contract, custom or charter."

And the court in the opinion say the same thing in stronger language:

"In the absence of any facts upon which to base an inference of duty, a court can not infer a general obligation to inspect pipes in a private house, which are not under the control of the company, and as to which it has no apparent relation other than the fact that its gas is to be used through pipes placed therein by the owner, as it has suited them to have them."

We have found no authorities, and none have been cited to us, in conflict with the principle announced in these cases, and none under the facts in this case as set out in this petition where a recovery was permitted against the gas company. It would seem a very onerous duty to impose upon gas companies, with their lines through the streets of a city, that from time to time, without notice, they should be called upon to inspect the service lines in the dwelling-houses and on premises of the parties who take gas from them, but we do think such duty is imposed on the property owner in reference to the use of this substance, owing to its somewhat dangerous quality, to exercise constant vigilance in the use of it to see that their own appliances are in proper condition for the safe use of it. That is the holding,

in substance, in the case of *Bartlett* v. *Boston Gas Company*, 117 Mass., 533, 539.

We do not think that the amended petition states a cause of action against the gas company. It follows that the judgment of the court of common pleas will be affirmed

---

## JURISDICTION TO REVIEW A FINAL DECISION OF THE PROBATE COURT.