## LIABILITY FOR DEATH FROM EXPLOSION OF NATURAL GAS IN A CELLAR.

Court of Appeals for Hamilton County.

KATE LENNON, ADMINISTRATRIX OF ROSE LENNON, DECEASED, v. THE UNION GAS & ELECTRIC COMPANY.

Decided, January 16, 1915.

*Gas and Gas Companies—Liability for an Explosion—Where the Leak Occurred from Defective Pipes Not Owned by the Company.*

A company engaged in the distribution of natural gas to consumers is liable, at least to third parties, for an explosion due to the escape of the gas from defective pipes, after notice that gas is escaping, notwithstanding the leak is from a pipe laid in private property, the ownership of which is in the owner of the said property and not in the gas company.

*William F. Fox*, for plaintiff in error.
*Miller Outcalt* and *Joseph W. Heintzman*, contra.

Jones (Oliver B.), J.; Swing, J., and Jones (E. H.), J., concur.

This was an action for damages, brought by plaintiff in error against defendant in error, for the wrongful death of plaintiff's intestate, Rose Lennon.

Rose Lennon lived with her mother on Concord Place, which is a private court belonging to the Messrs. Emery. Running up the center of this court was placed a service main to provide gas for its occupants, and from this main branches were carried to each of the ten houses fronting upon it. These service pipes were each supplied with a stopcock, as was the main service pipe in the court, which had a stopcock at Fourth street where it was attached to the gas main in the public street. The Lennons did not use gas. There was however, in the cellar of the house occupied by them, No. 16, a place for two meters, one of which then in service measured the flow of gas through a pipe which passed into the cellar and through the front room of their house into a lamp that was placed outside and in front of their house, used and paid for by the Emerys for lighting the court. There was no other meter in the cellar, as these tenants were not consumers of gas. Several weeks prior to December 30, 1911, a smell of escaping gas was noticed by residents of Concord Place which was reported to the defendant company. On December 19 the man employed by the company to read the meters observed the leak and reported it, and the same day another man was sent by the company to locate and fix the leak. Again on December 21 a man employed by the company made an examination of the pipes, but the escape of gas continued down to December 31, on which day, plaintiff's intestate being about to enter the cellar with a lighted candle as was the custom of the occupants of this house, an explosion was caused, burning her and resulting in her death. It was afterwards discovered that the service pipes in the court were in part corroded and broken and pitted with holes.

At the close of plaintiff's testimony the trial court granted a motion to instruct a verdict for defendant. It was contended that as the pipes which permitted the leak of the gas were the

property of the Emerys, the defendant was absolved from liability.

There is no question but that natural gas, when let out and mixed with air, is a highly inflammable and dangerous substance. *Thornton on Law Relating to Oil and Gas,* Sections 41 and 601.

The rule as to care and control of dangerous substances is laid down in the first paragraph of the syllabus in the case of *Defiance Water Co.* v. *Olinger,* 54 O. S., 532, as follows:

"One who collects on his own premises a substance liable to escape, and, if it should escape, likely to cause mischief, must, at least, use reasonable care to restrain it. If for want of such care it escapes and injures persons or property rightfully on adjoining premises, he is answerable for the damages sustained on account thereof."

This decision was based upon the English case of *Fletcher* v. *Rylands,* 1 L. R. Exch., 265. And the same rule was again discussed and adhered to in *Langabaugh* v. *Anderson,* 68 O. S., 131, 146.

As the defendant in error was the owner of and engaged in distributing natural gas to its consumers, and for the purpose of such business it used as part of its system of distribution these pipes in the property of the Emerys in Concord Place, it was under obligation, so far at least as a third person was concerned, to use due care in handling this gas, which became explosive and dangerous when not confined. And if it failed to use proper care, it is not relieved from the consequences, where its negligence resulted in the escape of such gas after notice, by the fact that such escape occurred through defective pipes belonging to others. Its liability depends on the care exercised by it in handling the gas, and not upon the ownership of the pipes which it used for that purpose.

The legislative policy of requiring the natural gas company to keep its product under its control while transporting same, and holding it liable for damages in case it should fail, was recognized by Section 3561a, Revised Statutes, now Section 14776, General Code, which was confined by its terms to a cer-

tain class of cities, and which was sustained by the case of *Gas Fuel Co.* v. *Andrews,* 50 O. S., 695.

Section 12452, General Code, which makes it a misdemeanor to steal gas by means of a pipe carrying it for use without piping through the meter, recognizes that the gas is the property of the company until after it has passed through the meter, when it becomes the property of the consumer.

The case of *Memphis Consol. Gas & Electric Co.* v. *Creighton,* decided by the United States Circuit Court of Appeals of this district, found in 183 Fed., 552, is in point. The facts of the case are somewhat similar to those of this case, and it was directly held by that court that whether or not the owner of the property and the pipes was negligent, the negligence of the gas company in . failing to act with reasonable promptness when notified of the dangerous condition of the premises, was one of the causes of plaintiff's injury, and it was therefore liable. The first two paragraphs of the syllabus of this case are as follows:

"A gas company, which through its pipes supplies gas to a house and has control of the apparatus for cutting it off, when notified that gas is escaping in the house and informed of injury and danger to the inmates therefrom, owes a duty to the occupants of the house to exercise reasonable diligence in shutting off the gas therefrom, and it is immaterial that the pipes where the leak occurred were owned by the owner of the house.

"Where the negligence of two persons co-operates to produce an injury, both are liable, and inquiry as to the proximate cause is not pertinent."

Attention might also be called to the case of *Forry, Assignee,* v. *Newark Gas Co.,* 6 O. L. R., 163, which was affirmed by the Supreme Court in 80 O. S., 733.

In the case of *Cooper* v. *Tri State Gas Co.,* 19 C.C.(N.S.), 481, where the sufficiency of the petition for damages caused by a gas explosion was under consideration, it was held that sufficient facts must be alleged to show notice of the defective condition of pipes not owned by the company, or, that facts existed from which an inference of duty to inspect such pipes would arise, either from contract, custom or franchise.

The case of *Schmeer* v. *Gas Light Co.*, 147 N. Y., 529, is also in point. The decision, by Peckham, J., contains a full discussion of the law, and directly decides that the question of negligence is one that must be submitted to the jury.

The court below erred in withdrawing the case from the jury and instructing a verdict for the defense. The judgment is therefore reversed and the cause remanded.