## MARY L. SMITH *vs.* PAWTUCKET GAS COMPANY.

### PROVIDENCE—JULY 11, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Gas Companies.   Negligence.   Inspecting Pipes.*

In an action for negligence against a gas company, the declaration stated that a dangerous machine called a slot meter was placed in plaintiff's house by defendant at request of a tenant ; that defendant introduced the gas and gas meter into said building with great carelessness and negligence ; that defendant did not inspect or test the gas pipes therein, which had long been out of use, to make sure that the said gas pipes were in suitable condition to receive said gas :—

*Held,* that the charge thus stated was not that any damage was caused by the meter, but only by the omission of the defendant to inspect or test the pipes.

*Held,* further, that, in the absence of any facts upon which to base an inference of duty, the court could not infer a general obligation to inspect pipes in a private house, which are not under the control of the company and as to which it has no apparent relation other than the fact that its gas is to be used through pipes placed therein by the owner as it has suited him to have them.

*Held,* further, that, when an owner lets a house supplied with gas pipes, permission to use the pipes is to be presumed and a consequent authority to apply for gas.  The owner is therefore as much responsible for the condition of the pipes as though he had applied for it himself.

TRESPASS ON THE CASE for negligence.   Heard on demurrer to declaration, and demurrer sustained.

STINESS, C. J.   The plaintiff sues the defendant for negligence in introducing gas into his house, at the request of a tenant.    The declaration states that a dangerous machine called a slot meter was placed therein by the defendant, but it does not state that the meter itself had any direct relation to the injury sustained, nor that it was defective in any way, or,

if so, that the plaintiff had no means of knowledge of the defect whereby he was unable to state in what the defect consisted. *Cox* v. *Prov. Gas Co.*, 17 R. I. 199. If the damage sued for was caused by the meter, the declaration should so state ; but it does not.

(1)     After stating that the defendant "introduced said gas and said gas meter into said building with great carelessness and negligence," the only specification of negligence is that "the defendant did not inspect or test the gas pipes therein, which had been long out of use, to make sure that the said pipes were in suitable condition to receive said gas."

The charge thus stated is not that any damage was caused by the meter, but only by the omission of the company to inspect or test the pipes.

The declaration alleges this as a duty, but it states no facts or conditions to show how the duty arises, nor whether it is to be inferred from contract, custom, or charter.

In the absence of any facts upon which to base an inference of duty, a court cannot infer a general obligation to inspect pipes in a private house, which are not under the control of the company and as to which it has no apparent relation other than the fact that its gas is to be used through pipes placed therein by the owner, as it has suited him to have them. In *Beyer* v. *Consolidated Gas Co.*, 60 N. Y. Supp. 628, 44 App. Div. N. Y. 158, the company had turned off the gas and then turned it on again, without notice, so that gas escaped from a radiator which had been extinguished when the gas was turned off, thus showing an interference by the company sufficient to raise a plain case of negligence by the company. So in *Schmeer* v. *Gas Co.*, 147 N. Y. 529, a tenement house had been erected ; the plans for gas-piping, which had been submitted to the company, included separate outlets for different families, and one of the outlets had been left uncapped, so that gas supplied to one family escaped from an uncapped outlet for another family, causing an explosion. The gas had been turned on by some one not in the employ of the company, and the injury was to those who had not applied for gas. It was held that these circumstances raised a question of fact of negligence by the company.

The court, however, said in its opinion : " We are here not dealing with the case of an owner or of a tenant who had made application for a meter and who might be said to have asserted by that act the proper condition of the piping and to have thereby waived any further examination ; " and also : " the inspection here spoken of would not include the examination of pipes under floors or covered by plastering ; no ripping up of work already done in the way of flooring and lath and plastering could reasonably be required. A fair examination of the piping which was disclosed and the ends of tubes coming out into the open spaces through which the gas might penetrate into other quarters than where it was applied for, would certainly be all that could ever be reasonably called for. We do not say that even this must be done as a legal proposition. It is a question for the jury upon the issue of negligence."

We think that this states a just and reasonable rule. Of course it applies only to the supply of gas through private pipes and not to the main pipes, as to which there can be no question of the duty of reasonable inspection.

Most of the cases relied on by the plaintiff are of the latter class, involving leaks from main supply pipes ; *e. g. Tiehr* v. *Consolidated Co.*, 65 N. Y. S. 10 ; *Rockford Co.* v. *Ernst*, 68 Ill. App. 300 ; *Schermerhorn* v. *Metropolitan Co.*, 5 Daly (N. Y.), 144. The other cases cited by the plaintiff on this point were the cases of interference to which we have referred.

In support of the rule stated in *Schmeer* v. *Gas Co.*, *supra*, are *Tremaine* v. *Halifax Co.*, 2 Nov. Sco. L. R. 394 ; *Holden* v. *Liverpool Co.*, 3 C. B. 1. *McGahan* v. *Indianapolis Co.*, 29 L. R. A. 355, was decided in favor of the company, upon the ground that an explosion of gas could not take place without the intervention of some agency acting upon it, and that the complaint was defective in not stating facts from which the duty and negligence of the company could be inferred. See also note to *Lebanon Co.* v. *Leap*, 29 L. R. A. 342, to which an extended note and summary of cases is appended.

The plaintiff argues that negligence is to be inferred from the fact that the company is dealing with a dangerous substance, and hence bound to use great care in its introduction.

Doubtless this is true, so far as it relates to anything done by the company. But one who applies for gas is equally to be presumed to have knowledge of the danger, and the duty is upon him to see that his own pipes, through which the gas is to be used, are in good order. This duty is stronger and more direct upon him than upon the company.

As the declaration sets out only a breach of duty by the defendant in failing to inspect and test the pipes in the house, not the visible ends of pipes, as in *Schmeer* v. *Gas Co.*, *supra*, and as it refers to pipes which had been long out of use, the inference is that the defect was in pipes which had become unfit for use from rust or disuse. We are therefore of opinion that no case is stated as a proposition of law.

The only allegation of due care is on the part of the plaintiff, and none on the part of the tenant who applied for gas. In *Bartlett* v. *Boston Co.*, 117 Mass. 533, it was held that an owner of a house could not maintain an action against a company for permitting gas to escape into the house, if the immediate cause of the explosion was the negligence of the tenant in possession. When an owner lets a house supplied with gas pipes, permission to use the pipes is to be presumed and a consequent authority to apply for gas. The owner is therefore as much responsible for the condition of the pipes as though he had applied for it himself.

The demurrer to the declaration is sustained.

*George A. Littlefield*, for plaintiff.