## TOWN OF DEPEW v. KILGORE et al.

No. 16666—Opinion Filed May 11, 1926.

1. **Negligence — Contributory Negligence— Infant Trespasser on Dangerous Premises.**

In the absence of evidence of capacity, a child between 7 and 14 years of age is presumed to be incapable of guilt of more than technical trespass, as affecting the question of the duty of the owner in respect to the dangerous condition of the premises, and the character of the trespass may be a circumstance to be considered in ascertaining whether there was contributory negligence.

2. **Same — Care Required for Safety of Children.**

As a general rule every person is required to use such care in and about the keeping of his property as an ordinarily prudent person would have used under all the facts and circumstances of the case; but there is a difference in the degree of care that is required to be used in guarding against danger where a child or immature person is concerned and in the case of a mature person.

3. **Same—Care as to Explosives.**

The utmost care is required of persons handling or keeping a dangerous instrumentality, such as dynamite caps, to protect children or immature persons from the danger incident thereto.

4. **Same—Liability for Original Negligence.**

Where the defendant is guilty of original negligence and the evidence shows or it reasonably appears that the original negligence placed in motion an intervening and independent act which was the immediate cause of the injury, but that the injury would not have occurred without the original negligence, the defendant will be held liable.

5. **Same—Municipal Corporations—Liability for Injuries to Child from Dynamite Caps.**

Where a town or city, in working its streets, uses dynamite caps, an explosive, and leaves such explosive in an exposed position near the public school grounds and in close proximity to the sidewalk which is used by the school children in going to and from school, and a small boy, ten years of age, observes the box containing the dynamite caps while walking along the sidewalk and takes one of the caps and applies a lighted match causing the same to explode, inflicting a serious injury to the child, the town or city is liable for damages.

6. **Negligence — Contributory Negligence— Burden of Proof—Pleading.**

The plea of contributory negligence is an affirmative defense requiring no reply to place the burden of proof on the defendant.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by Edwin Kilgore, a minor, et al., against the Town of Depew. Judgment for plaintiff, and defendant brings error. Affirmed.

Streeter Speakman, for plaintiff in error.

Cheatham & Beaver, for defendant in error.

Opinion by JARMAN, C. The town of Depew, Creek county, Okla., has appealed from a judgment in favor of Edwin Kilgore for damages for personal injury sustained. The parties appear here inverse to the order in which they appeared in the trial court.

The evidence on the part of the plaintiff discloses the following state of facts: W. R. Martin was the street commissioner for the defendant, town of Depew, and on April 20, 1922, he had a crew of men at work on the streets and was doing some blasting with dynamite. During the noon hour, one of the workmen, acting under the supervision of the street commissioner, placed the box, containing sticks of dynamite, fuse and a smaller box of dynamite caps, by the side of a garage building and at a distance from two

to three feet from the sidewalk and in plain view thereof. The point where the box was placed was about one and one-half blocks from the public school building, and the street and sidewalk, near which the box was placed, were commonly and generally used by the school children in going to and from school, and there was located on the same lot with the garage an ice house, and the school children frequently went to the ice house to pick up the fragments of ice that had fallen, and in doing so they would pass in close proximity to the garage building, all of which was known by the street commissioner. During the noon hour on April 20, 1922, the plaintiff, Edwin Kilgore, who was ten years of age, and a number of his playmates, about the same age, started to town, and when they approached the garage building one of the boys saw the larger box, containing the smaller box of dynamite caps, sitting beside the garage building and they immediately went over and investigated the same. The lid was off of the larger box and the lid to the smaller box, containing the dynamite caps, was beside the smaller box. The plaintiff testified that he picked up one of the dynamite caps and gave it to Tom McIntosh, the oldest boy in the crowd, being 17 years of age at that time, and that he threw the same against the building two or three times, but it did not explode, and then the plaintiff struck a match and applied it to the dynamite cap, which exploded, destroying the thumb and two fingers of his right hand. The plaintiff had never seen a dynamite cap before and did not know that the same was an explosive or dangerous. George Hutchins, one of the companions of the plaintiff, testified that Tom McIntosh told the plaintiff to apply a match to the dynamite cap and see if it would explode.

· This case is based on the theory of an "attractive nuisance," involving the doctrine of the "Turntable Cases."

The defendant contends that the plaintiff was a trespasser and that the only duty it owed to the plaintiff in respect to safety from the dynamite caps, a dangerous instrumentality, was not to injure him intentionally or wantonly. In support of this proposition the defendant cites the cases of City of Shawnee v. Cheek, 41 Okla. 227, 137 Pac. 724; Turner v. Duran Cotton Oil Co., 96 Okla. 31, 219 Pac. 892, and City of Grandfield v. Hammond, 100 Okla. 75, 227 Pac. 140.

The cited cases are distinguishable from the instant case. There, the premises were owned by the defendant in each of the cases,

and the plaintiff was a trespasser on the premises. In the instant case, neither the plaintiff nor the defendant owned the premises on which the dynamite caps were placed. As far as the record shows, the plaintiff had as much right to use the premises as the defendant, and in no sense was the plaintiff a trespasser as to any of the rights of the defendant. Even if the defendant had been the owner of the premises, it was a question of fact for the jury to determine as to whether the plaintiff was guilty of contributory negligence by his technical trespass on the premises. It must be borne in mind that the plaintiff was only ten years of age at that time, and in the absence of evidence of capacity the law presumes that he was incapable of guilt of more than a technical trespass as affecting the question of the duty of the owner in respect to the dangerous condition of the premises, and the character of the trespass may be a circumstance to be considered by the jury in ascertaining whether there was contributory negligence. City of Shawnee v. Cheek, supra. This question was properly submitted under instructions of the court, and it inheres in the verdict that the plaintiff was without capacity and was not guilty of contributory negligence.

This brings us to a consideration of the question of the degree of care the defendant owed to the plaintiff in the handling and keeping of the dynamite caps, and, in this connection, we can dispose of the defendant's assignment of error based upon instructions numbered 5 and 6 given by the court, wherein the jury was advised that the defendant owed the utmost care in that regard. The defendant contends that it owed to the plaintiff only the duty not to injure him intentionally or wantonly.

The general rule is that the law requires each person to use such care for the safety of others in and about the keeping of his property as an ordinarily prudent person would have used under all the facts and circumstances of the case. Pollard v. Oklahoma City R. Co., 36 Okla. 96, 128 Pac. 300. It is well settled that there is a difference in the degree of care that is required to be exercised in respect to safety from a dangerous instrumentality where a child is involved and in the case of a mature person. New v. Stout, 98 Okla. 177, 224 Pac. 519. In the handling of a dangerous instrumentality, such as dynamite caps, a higher degree of care is required than in the handling of a less dangerous species of property, and persons having in their cus-

tody such instruments of danger are required to keep them with the utmost care. Rawley v. Commonwealth Cotton Oil Co., 88 Okla. 29, 211 Pac. 74. The duties imposed upon persons handling such dangerous instrumentalities, as to the safety of children or immature persons, are ably discussed and defined in the case of Matson v. Minnesota & North Wisconsin R. Co., 95 Minn. 477, 104 N. W. 443, quoted with approval in the case of Folsom-Morris Coal Mining Co. v. De York, 61 Okla. 75, 160 Pac. 64:

"The dangerous instrumentality here involved (dynamite) is an extremely hazardous article in the hands of mature persons and a hundred-fold more so in the hands of young children. The degree of care required of persons having the possession and control of dangerous explosives, such as firearms or dynamite, is of the highest. The utmost caution must be used in their care and custody, to the end that harm may not come to others from coming in contact with them. The degree of care must be commensurate with the dangerous character of the article (Keasbey, Electric Wires [2nd Ed.] 269, 270), and is greater and more exacting as respects young children. As to such, the care required to be exercised is measured by the maturity and capacity of the child. Sioux City & P. R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745. What would constitute reasonable care with respect to adults might be gross negligence as applied to a young child. 7 Am. & Eng. Enc. Law (2d Ed.) p. 441, and cases cited. The case at bar, within these rules, is even stronger than the so-called 'Turntable Cases.' There is nothing so attractive to young boys as articles of an explosive nature, and the greater the volume of sound that may be produced therefrom, the greater the attraction. As compared with an ordinary turntable, dynamite is vastly more attractive, and far more dangerous. Young children are incapable of comprehending the dangers in handling or exploding the same and their natural instincts urge them into experiments with it whenever it comes within their reach. In view of these considerations, the rule of law imposed upon him who possesses such dangerous articles should be more exacting than in the case of a turntable; and, in applying the rule to the facts before us, it is clear that the jury was justified in finding negligence upon the part of defendant. It failed to take proper care of dynamite brought into this vicinity, and left it exposed upon the premises where children had, to the knowledge of its servants, been in the habit of loitering and amusing themselves."

The defendant next contends that the chain of causation is broken and that the original negligence was not the proximate cause of the injury, as the evidence shows that the act of Tom McIntosh in directing the plaintiff to apply a lighted match to the dynamite cap intervened as an independent act, which was the immediate and proximate cause of the injury. The rule of law applicable to this situation is that where the defendant was guilty of original negligence and, from the evidence, the inference may be reasonably drawn that the original negligence placed in motion the intervening act which was the immediate cause of the injury, but that such injury would not have happened if it had not been for the original negligence, the defendant will be held liable. This was a question for the jury, and evidently the jury concluded that the original negligence of the defendant, in placing the dynamite caps in the exposed position so that the plaintiff came in contact therewith and procured possession of one of the caps, was the occasion of, or put in motion, the independant act of Tom McIntosh in directing the plaintiff to apply a lighted match to the cap. City of Tulsa v. McIntosh, 90 Okla. 50, 215 Pac. 624.

The defendant next contends that, under the pleadings, it was entitled to an instructed verdict. This contention is made on the ground that the plaintiff did not file a reply to the affirmative defense of contributory negligence pleaded by the defendant. In this jurisdiction, the defense of contributory negligence is an affirmative one and must not only be pleaded but must be proven by the defendant, and, therefore, it was not necessary for a reply to have been filed to place the burden on the defendant to establish its plea of contributory negligence. The record discloses, however, that, at the conclusion of plaintiff's evidence, counsel for the plaintiff dictated in the record a reply in the form of a general denial of the defendant's plea of contributory negligence, which would have cured the defect had any existed in this regard.

For the reasons given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 540, 542. (2) 29 Cyc. pp. 427, 429. (3) 29 Cyc. p. 464. (4) 29 Cyc. p. 500; 23 L. R. A. (N. S.) 249; 11 R. C. L. p. 666; 2 R. C. L. Supp. p. 1301: (5) 29 Cyc. p. 464; anno. 24 L. R. A. (N. S.) 586; 19 L. R. A. (N. S.) 1127; 24 L. R. A. (N. S.) 1257; 42 L. R. A. (N. S.) 840; L. R. A. 1917A, 1295. (6) 29 Cyc. pp. 583, 601.