## BARKER v. FINDLEY.

No. 18830. Opinion Filed Feb. 5, 1929.

Rehearing Denied April 2, 1929.

Norman Barker, for plaintiff in error.

Pennel & Harrison, for defendant in error.

JEFFREY, C. This action was begun by J. A. Findley, as plaintiff, against Norman Barker, as defendant, in the district court of Washington county, on four separate promissory notes aggregating the sum of $731.80, principal and interest. The defendant rented law office rooms from plaintiff for a number of years, and the notes were given for past-due rent. Defendant by way of answer admitted executing the notes, but denied that he was indebted to plaintiff by reason of a claim for damages set up in a cross-petition filed with his answer. In his cross-petition he alleged that, during a period ending June 30, 1926, when he vacated the offices, plaintiff carelessly and negligently allowed the roof to leak so that large quantities of rain water leaked in upon defendant's library, book-cases, books, records, documents, files and fixtures causing the same to deteriorate, swell, crack and otherwise injured the same to defendant's damage in the sum of $600; and prayed for judgment against plaintiff for said sum. Upon a trial to a jury, plaintiff offered his notes in evidence and ·rested. Thereupon

defendant was produced as a witness, and again admitted the execution of the notes sued upon. Defendant, as a witness. was then asked, "During the last few years you were there, describe the condition of the premises as being tenable or otherwise." To this question counsel for plaintiff objected, and the objection was sustained. There was some question by defendant as to whether plaintiff had allowed all credits on the notes to which he was entitled. However, this was submitted to the jury under appropriate instructions, and .the jury's verdict on that question is conclusive on this court. The jury returned a verdict in favor of plaintiff for the sum of $731.80, and from a judgment based thereon and the overruling of a motion for a new trial, defendant has appealed.

Defendant argues at some length that the court erred in applying the statute of limitations to his counterclaim. However, from a careful examination of the record, we fail to find that the court, in any manner. passed upon the question of limitations as applied to defendant's cross-petition. Apparently the statute of limitations was never suggested or thought of in the course of the trial. The only question which may be said to be raised by the record on this appeal is, Did the court err in refusing to permit defendant to prove the untenantable condition of the office during the last few years it was occupied by defendant in support of his claim for damages. In view of the uniform holdings of this and other courts, we must hold that the court ruled correctly on this question. .

Counsel for plaintiff seeks to support the ruling of the court by sections 7370 and 7371, C. O. S. 1921, which fix the duty of the lessor of a building intended for the occupation of human beings pertaining to repairs, and also the remedy of the tenant in case such buildings become dilapidated and untenantable. However, it has been expressly held by this court that said sections of the statute have no reference or application to business buildings; and that there has been no modification of the common-law rule governing the rights of landlord and tenant with reference to repairing buildings used for business purposes. Tucker v. Bennett, 15 Okla. 187, 81 Pac. 423; Hanley v. Banks. 6 Okla. 79, 51 Pac. 664; Horton v. Early, 39 Okla. 99, 134 Pac. 436; Enterprise Seed Co. v. Moore, 51 Okla. 477, 151 Pac. 867; Nelson v. Eichoff et al., 59 Okla. 210, 158 Pac. 370; 15 R. C. L. 1030. It is pointed out in the above authorities that,

at common law, it is the well-settled rule that, in the absence of any agreement between the parties, the landlord is under no obligation to his tenant to keep the premises in repair. No agreement between plaintiff and defendant with reference to repairs is pleaded, nor did defendant attempt to prove such.

Under such a situation, the rule with reference to the tenant's right to recover damages by reason of injury to his property on account of defective premises is succinctly stated in 16 R. C. L. 1034, as follows:

"The logical conclusion from the principle that the landlord is under no implied obligation to repair is that a landlord not under contract to repair is not responsible to the tenant for injuries to person or property caused by defects in the rented premises."

The text cites numerous cases supporting this rule. Plaintiff being under no obligation to keep the office rooms in a state of repair, nor liable to defendant for injuries to his property caused by defects in the premises, such as here pleaded, it follows that the court did not err in excluding evidence tending to establish the defective condition of the office rooms.

The judgment of the trial court is therefore affirmed.

Plaintiff in his brief asks for judgment against the sureties upon the supersedeas bond filed in this cause. It appears from the record that, on April 14, 1927, judgment was entered in favor of plaintiff and against the defendant for the sum of $731.40, with interest thereon from that date at 8 per cent, per annum. Thereafter, plaintiff, having perfected an appeal, filed in the cause, and which is made a part of the case-made, a supersedeas bond in the sum of $1,500, with B. W. Taylor and Dorothy T. Barker as sureties thereon. The judgment of the trial court having been affirmed, plaintiff is entitled to judgment against said sureties on said supersedeas bond. Judgment is therefore entered in this court against the sureties, B. W. Taylor and Dorothy T. Barker, on the appeal bond in the sum of $731.40, with interest thereon from April 14, 1927, at the rate of 8 per cent. per annum, and for costs, for which execution may issue.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.