## NEHRING v. FERGUSON.

No. 23781. Jan. 29, 1935.

D. D. Jennings and Morrison, Morrison & Morrison, for plaintiff in error.

McKeever, Elam, Stewart & McKeever and Harry C. Kirkendall, for defendant in error.

PER CURIAM. This is an action originally brought by Esther Nehring against J. B. Ferguson in Garfield county and removed and tried in Kingfisher county.

The plaintiff alleges in her amended petition that the defendant was the owner of a five-story building in the city of Enid, Okla.; that it was rented to various tenants; that a portion of the fifth floor was rented to Rochester Handkerchief Company and the remainder to various other tenants; that she was in the employ of the Rochester Handkerchief Company; that the defendant, from the time the building was constructed and during all times mentioned, erected a common roof over the fifth floor and controlled the entire fifth floor by his agents and servants; maintained the ceiling and roof in all the offices and rooms in said building occupied by the Rochester Handkerchief Company.

That on June 4, 1929, while plaintiff was present in the portion of the building occupied by the Rochester Handkerchief Company, by reason of act of carelessness and negligence of said defendant, his servants and agents and employees, having the management and control of the building, the plaintiff was struck by the fall upon her head and body of a large quantity of plaster from the ceiling of said building, and was injured thereby.

That the defendant, his agents, servants, and employees and vice principals in charge of said building, were guilty of negligence and carelessness directly and proximately causing plaintiff's injuries as follows:

That the plaster on the ceiling of the rooms occupied by the Rochester Handkerchief Company had been in a cracked, loose, and defective condition, and liable to fall, for a period of three or five years prior to the 4th day of June, 1929, and that the defendant, his agents, servants, and employees knew of the defective condition in time to have made proper and necessary repairs. That they failed, neglectfully and carelessly, to make timely repairs, and that the roof of said building was in a dilapidated and defective condition six months prior to the 4th day of June, 1929, resulting from water from rains and snows passing through the same and on the plaster upon the ceiling of the room in which plaintiff was injured. That at that time Mr. Crisler and the janitor were notified that the roof and ceiling were in a dilapidated and defective condition, at which time promises were made by both to remedy the condition.

Plaintiff further alleges that for a period of three to five years prior to the 1st day of January, 1929, the defendant, through his agents, servants, and employees, undertook to make repairs of said roof and ceiling, and that they did not properly make such repairs, but only made temporary

repairs. That on account of the failure to make the necessary repairs and to exercise ordinary care in making such repairs, the defendant maintained and caused to exist unnecessary and dangerous common nuisances which continually exposed the occupants of the premises occupied by the Rochester Handkerchief Company to constant danger of bodily injury therefor, and that the plaintiff was injured thereby. That her skull was fractured and that her spinal column in the cervical region was contused and injured; that she was confined in a hospital for ten days, she suffered great and excruciating physical pain, nervous shock and mental anguish; that her nervous system had been permanently shocked, injured, and impaired, her sense of vision, recollection, and equilibrium have been seriously and permanently injured. That prior to her injuries she was a strong and active woman of the age of 25 years; that she earned approximately $70 per month, and that by reason of the injury, effects, and consequences thereof, her earning power and capacity will be either greatly impaired or totally destroyed.

The defendant, J. B. Ferguson, answered by way of general denial, that the part of the building occupied by the Rochester Handkerchief Company, Incorporated, was under the exclusive management and control of the Rochester Handkerchief Company, and that when he leased the building he did not retain any control of said premises, nor did he retain or reserve any rights to go in or upon said premises; did not furnish janitor services for the Rochester Handkerchief Company, and that the plaintiff was not a servant, agent, or employee of the defendant, nor did defendant have any authority or control of contractual relations with the said plaintiff in any manner or form. That she was employed with the said Rochester Handkerchief Company in making fancy handkerchiefs. Specifically denies that he ever had any knowledge or was notified that the plastering was loose and liable to fall; denies that he was under any duty to repair said plastering or keep the same in repair; denies that the roof leaked; that there was a defective condition of the plastering on the ceiling of the room; that if it was defective, it was not occasioned or caused by any leaks or caused by any defects or any lack of repair on which the duty to repair or remedy rested upon this defendant. That the Rochester Handkerchief Company had been oc-cupying the premises for a long period prior to the 4th day of June, 1929, and that they occupied it under a written lease being attached to their answer as Exhibit "A" and dated the 28th day of May, 1929.

Plaintiff and defendant will be referred to herein as in the lower court.

Plaintiff argues two propositions in error: First. That it was the duty of the defendant to keep the roof of the Ferguson Building in good repair. Second. That under the evidence it was a reasonable deduction and all the circumstances pointed to the fact that the ceiling or plastering fell by reason of the defective condition of the roof of the Ferguson Building.

The evidence discloses that the Rochester Handkerchief Company occupied five rooms of the fifth story of the Ferguson building, conducting a business of manufacturing fancy handkerchiefs, and that they occupied the building a little over one year prior to the 4th of June, 1929.

That said building was occupied by a written lease dated 26th day of May, 1929, which, after describing the property, the consideration, and the term, contains the following paragraph, completing the lease:

"First party agrees to lay hard-wood floors and redecorate the two east rooms of said space so leased. It is further understood and agreed that the Ferguson Building is for sale and in case of sale or lease of the entire building, second party agrees to give possession upon 90 days' written notive by first party. First party agrees to furnish heat, water, lights and electricity for four electric sewing machines. * * *"

The plaintiff does not plead any contract on the part of the owner to keep this building in a good state of repair. Neither does she plead any voluntary repairs made in a negligent and careless manner, but did plead "long prior to the 4th day of June, 1929, know of the defective condition of the roof and ceiling and liability to fall, in time to have made proper and necessary repairs, * * * and until said 4th day of June, 1929, no repairs were made."

Mary Hebner, secretary-treasurer of the Rochester Handkerchief Company, testified that she talked to Mr. Crisler a month or five weeks before June 4, 1929, about another room other than that in which the accident occurred about stopping the leaks in the roof, and that he promised to do some work on the roof, that being prior to

the date of written lease under which they occupied the building.

There is no testimony showing any promise to repair after May 28th, the date of the lease, or any repairs made by defendant. Under the uniform holdings of our court, the owner of a business building leased to a tenant is not bound to repair defects in the absence of a contract by him so to do. Barker v. Findley, 136 Okla. 55, 275 P. 1054.

As to the second specification of error, Mary Hebner testified that the roof leaked and water came through the ceiling in other rooms, not in the one in which the injury occurred; that there were water marks on the ceiling in the room where the plaintiff was injured.

The record does not show that any leaks ever occurred in the room or that the ceiling was in bad condition, except a few water marks, and the evidence wholly fails to prove facts sufficient to establish any liability against defendant in this case.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys S. J. Berton, F. H. McGuire, and Fred W. Green in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Berton, and approved by Mr. McGuire and Mr. Green, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.