**PRICE v. MacTHWAITE OIL & GAS CO. et al.**

No. 25715.    Sept. 29, 1936.

C. F. Green and W. W. Pryor, for plaintiff in error.

W. R. Withington, Ben Hatcher, L. H. Harrell, A. M. Kerr, and W. M. Dodson, for defendants in error.

RILEY, J. Plaintiff in error commenced this action in the district court of Pontotoc county against MacThwaite Oil & Gas Company, the city of Ada, and Annie R. Carrell, to recover damages for personal injuries.

The trial court sustained demurrers to plaintiff's evidence as to all three defendants, and entered judgment dismissing the action. Plaintiff appeals. Plaintiff concedes that the demurrer of the city of Ada was proper'y sustained, but contends that there was error in sustaining the demurrer of the other defendants.

The facts upon which the action is based, as shown by the pleadings and evidence, are in substance: The MacThwaite Oil & Gas Company is and was a domestic corporation engaged in the distribution and sale of natural gas for domestic and other uses, under a franchise granted by the defendant city of Ada. Defendant Annie R. Carrell was the owner of a building in the city of Ada rented by her to Jessie A. Price, plaintiff's wife, and used for business purposes. Defendant Carrell was a nonresident. Mrs. Price rented the property in May, 1932, through the agent of defendant Carrell. The property had theretofore been rented to another tenant; and had been connected with the gas main of the MacThwaite Oil & Gas Company. The former tenant had installed two gas stoves in the building. In connecting the two stoves, defendant Carrel', or her former tenant, had installed a gas pipe under the floor leading from the gas meter, which was installed by the gas company, 18 or 20 feet, at which point a "T" joint was installed from which a pipe led to each of the stoves by extending upward through the floor. The stoves used by the former tenant had been removed and one or possibly both of the pipes had been left open or uncapped. In September, Mrs. Price desired to place a gas stove in the building about eight feet from where one of the stoves had been previously placed. She directed plaintiff to extend the gas line that distance. He did so and connected same with a gas stove. It appears that the pipe leading to where the other stove had been did not extend up through the floor, leaving the open end thereof under the floor. Plaintiff did not know of this open pipe and did not discover it.

After the former tenant moved out the gas company removed the gas meter. Mrs. Price notified the company of her intention to install the gas stove and requested the company to set a meter, which it did, before plaintiff extended the gas line in the house. The gas company notified plaintiff that the meter had been installed ready for the gas to be turned on when desired. After plaintiff had installed the stove as directed by his wife, he turned the gas on at the meter. The gas escaping from the open pipe under the floor became ignited, causing an explosion whereby plaintiff was seriously injured.

It is alleged and contended that it was the duty of the defendant gas company, by proper inspection or otherwise, to keep its gas line connected with said building in proper and safe condition; that it failed in this duty and was negligent in that it permitted the gas line under the floor of said building to remain open; that it well knew the condition, or would have learned thereof by reasonable diligence on its part by proper inspection of its property and gas line before notifying plaintiff that the gas was ready to be turned on. It is alleged that it was the custom of the gas company to inspect the pipes, plumbing, etc., in the building at the time of installing meters (but there was no evidence of such custom).

Plaintiff alleged it was the duty of defendant Carrell, the owner of the property, to keep her property in safe condition for workmen or other persons employed or invited thereon by herself or her tenants, and that she was negligent in failing so to do, and particularly in not making proper inspection of the gas line under said building, and that she well knew, or would have known by reasonable care and inspection, the condition of the gas line.

It being conceded that the demurrer of defendant city of Ada to plaintiff's evidence was properly sustained, we omit the allegation of negligence as to the city of Ada.

It is first contended that the court erred in sustaining the demurrer of defendant MacThwaite Oil & Gas Company to plaintiff's evidence.

Plaintiff cites and relies largely upon Sawyer v. Southern California Gas Co. (Cal.) 274 P. 544; Town of Depew v. Kilgore, 117 Okla. 263, 246 P. 606, and Oklahoma Natural Gas Co. v. Jopling, 121 Ok'a. 10, 247 P. 69.

The Sawyer Case is one wherein the explosion was in a building for which the occupant had made no application for service, and the acts of negligence were install-

ing a number of meters serving different occupants so near together that one meter might readily be confused with the other so that gas might be easily turned on through the wrong meter by mistake; it was based upon failure of the company to take sufficient precaution to avoid such danger.

The Jopling Case is entirely different. The act of negligence there involved was in turning gas into an unoccupied house with open gas pipes therein on premises adjacent to that of plaintiff, where no application had been made therefor.

The Town of Depew Case involves the doctrine of "attractive nuisance" and the degree of care required of persons hand ing or keeping a dangerous instrumentality (dynamite caps) to protect children from the danger incident thereto.

None of the cases cited deal directly with the question of the duties, obligations, etc., as between a gas company distributing gas for domestic or other consumption, and an occupant of a building making application for service, installation of a meter, etc.

The general rule is:

"Where a company in furnishing gas for domestic purposes lays its line reasonably suited for the purpose, to the property line of the consumer, and the latter instal's a pipe line to his residence, and equips the same for burning gas, no duty rests upon the gas company to inspect the pipe line and connections of the consumer, unless it has actual notice of defects. In relation to his tenant and persons rightfully on his property, the consumer owes the duty to inspect and maintain such pipe line and fixtures in his possession and under his control." Okmulgee Gas Co. v. Kelly, 105 Okla. 189, 232 P. 428.

The rule is stated in 12 R. C. L. 909, as fol ows:

"Generally speaking, a gas company which does not install the pipes in a customer's building, and which has no control over them, is in no way responsible for the condition in which they are maintained, and consequently is not liable for injuries caused by a leak therein of which it has no knowledge. One who applies for gas has the duty to see that his own pipes, through which the gas is to be used, are in good order, and no general obligation on the part of the company can be inferred to inspect such pipes."

Okmulgee Gas Co. v. Kelly, supra, is cited with approval in Lewis v. Southern California Gas Co. (Cal. App.) 268 P. 930, and in Phillips v. City of Alexandria (La. App.) 123. So. 510.

Therein is quoted with approval from the Okmulgee Gas Co. Case the following:

"If the gas pipes and fittings are the property of the consumer, and there is no contractual duty resting on the gas company to inspect, the consumer, by application for gas service, assumes the burden of inspecting and maintaining the pipe and fittings on his property in a manner reasonably suited to meet the required service; and the company has the right to assume that these duties have been performed by the applicant."

Every question presented by plaintiff is considered in Clare v. Bond County Gas Co. (Ill.) 190 N. E. 278. See, a'so, Soles v. Peoples Nat. Gas Co., 48 Pa. Super. 84; Smith v. Pawtucket Gas Co. (R. I.) 52 Atl. 1078.

There are many cases which hold the gas company liable when it turns on gas for a consumer when the company had knowledge of defective piping within the premises. but there is no evidence in this case that the gas company had knowledge or notice of the open gas pipe under the floor of the building.

There was no error in sustaining the demurrer of defendant gas company, as there was no evidence of primary negligence on its part.

As to defendant Annie R. Carrell, plaintiff contends that there was error in sustaining the demurrer, and asserts:

"It is our contention that the owner of premises must keep same in a safe condition for its tenants and other persons invited thereon. That it was the duty of said defendant to inspect the gas line serving her property and see that there were no leaks or uncapped pipes connected therewith at the time she let plaintiff thereon as her tenant."

He cites the cases of City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462; Champlin Hdw. Co. v. Clevinger, 158 Okla. 10, 12 P. (2d) 683; Julian v. Sinclair Oil & Gas Co., 168 Okla. 192, 32 P. (2d) 31.

City of Tulsa v. Harman, supra, deals with the relation between the city and one who pays for the privilege of fishing in the municipally owned lake, and being transported in a boat owned by the city and operated by its emp'oyee. The dual relation of owner and customer and carrier and passenger for hire were there involved. This is an entirely different relation to that of

landlord and tenant or of landlord and employees of the tenant.

In Champlin Hdwe. Co. v. Clevinger, supra, the relation of merchant and customer was considered. There it was properly held that the customer was an invitee upon the premises of the merchant. An entirely different rule applies, unless plaintiff was in fact an invitee of defendant Carrell.

Plaintiff pleaded and the proof shows that Jessie A. Price, the wife of plaintiff, was the tenant of Annie R. Carrell, and that the tenant had exclusive possession and control of the premises; that she and not defendant Carrell employed or directed plaintiff to make the repairs necessary to connect the stove. That it was being done for the primary use of a third party who was about to install a beauty parlor in the building as a subtenant of Jessie A. Price.

The building in question is a business building, being used for business purposes, and the provisions of section 10926, O. S. 1931, relative to the duty of the landlord to keep premises intended for human occupation in repair do not apply. Horton v. Early, 39 Okla. 99, 134 P. 436; Barker v. Findley, 136 Okla. 55, 275 P. 1054.

There is no contention that the lease contract required the owner to keep the building in repair, nor is there any contention or evidence that defendant Annie R. Carrell had knowledge of the uncapped gas pipe.

The general rule, to which no exception is called to our attention, is:

"A landlord who, without covenanting to repair, and without knowledge of latent defects, puts a tenant into full possession and control of demised premises, not intended for public purposes, and which are free from defects of construction constituting a nuisance, will not be liable for personal injuries sustained on the demised premises by reason of the defective condition thereof, by the tenant, members of his family, employees, guests or invitees, or others entering upon the premises under the tenant's title." 36 C. J. 204.

In Miller et ux. v. Vance Lbr. Co. (Wash.) 9 P. (2d) 352, it is said:

"It is the settled rule of law in this state prevailing generally in the United States and England, that: '* * * In the absence of express contract to the contrary, a tenant takes the demised premises as he finds them and there is no implied warranty by the landlord that they are safe or fit for the purpose for which they are hired. The maxim caveat emptor applies.'"

Plaintiff is referred to in the briefs as the "tenant" of Annie R. Carrell, but as stated his pleadings and the proof show that his wife, Jessie A. Price, was the tenant. But if he was the "real" tenant, the above rule applies to him as such. The same rule applies to an employee or invitee of the tenant.

In 36 C. J. 224, the rule is stated as follows:

"It also follows, as a general rule, that the guest or invitees of a tenant can have no greater right in such cases than the tenant himself would have had. Thus, in those jurisdictions where a tenant cannot maintain an action for personal injuries based on a covenant of the landlord to make repairs, an invitee is likewise precluded."

The same rule applies to members of the tenant's family. 36 C. J. 229, sec. 917. Also to tenant's employees. 36 C. J. 229, sec. 919.

Smith v. Pawtucket Gas Co., 24 R. I. 292, 52 Atl. 1078, is cited as supporting the proposition that where the owner lets a house supplied with gas pipes, permission to use the pipes is presumed and a consequent authority to apply for gas, and, although application is made by the tenant, the landlord is as much responsible for the condition of such pipes as though he had applied for the gas himself. But that action was by the owner against the gas company and has no application here, except as to the question of negligence of the gas company. The question of negligence as between the owner and tenant was not there involved.

No primary negligence of the owner being shown, her demurrer to plaintiff's evidence was properly sustained.

It is contended that the court erred in refusing to submit the question of contributory negligence to the jury. But it is conceded that where there is no proof of primary negligence on the part of defendant, there can be no question of contributory negligence for the jury. It then becomes immaterial whether the plaintiff was guilty of negligence, or, if so, whether such negligence contributed to his injury.

The judgment is affirmed.

BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and OSBORN, V. C. J., dissent. WELCH, J., absent.