WICK et al. v. WASSON.

No. 31093. Oct. 19, 1943.

*142 P. 2d 124.*

Chas. R. Nesbitt, of Tulsa, for plaintiffs in error.

Font L. Allen, of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by Mable Wasson, the tenant in a business building, and hereinafter referred to as plaintiff, against E. N. Wick, the owner of the building, and S. J. Wick, manager and agent thereof, hereinafter referred to as defendants, to recover damages for a personal injury alleged to have been sustained as the result of the negligent repair of a fixture in a rented building. The defendants denied making the repair. Trial was had to a jury. The evidence adduced at the trial failed to prove the allegation of the plaintiff that defendants had repaired the fixture involved. On the contrary, the testimony of the plaintiff was that defendants had promised to make the repair and had stated that they had done so, but that in truth and in fact they had not made such repair, and that her injury had been sustained as the result of their failure to make the repair. Demurrer to the evidence of plaintiff and motion of defendants for directed verdict in their favor were overruled. The jury returned a verdict in favor of plaintiff, and judgment followed the verdict, and defendants appeal.

As grounds for reversal of the judgment the defendants contend that the court below erred in overruling their demurrer to the evidence of plaintiff and in denying their motion for directed verdict. The contentions of the defendants must be sustained. It is the settled doctrine in this jurisdiction that a landlord of a building leased or rented for

business purposes is not, in the absence of a contract, under any obligation to keep the building in repair or liable for any loss or damage caused by defects therein. Price v. MacThwaite Oil & Gas Co., 177 Okla. 495, 61 P. 2d 177; Nehring v. Ferguson, 170 Okla. 383, 40 P. 2d 1040; Young v. Beattie, 172 Okla. 250, 45 P. 2d 470.

As said in Nehring v. Ferguson, supra:

"A landlord who rents rooms in a business building for manufacturing purposes, in the absence of any agreement between the parties, is under no obligation to his tenant to keep the premises in repair and is not liable for injury to an employee of the tenant caused by said defects."

The plaintiff by her allegations in her petition sought to invoke the rule announced in Crane & Co. v. Sears, 168 Okla. 603, 35 P. 2d 916, where a landlord covenants to make repairs and does so in a negligent manner; and, also the rule announced in Horton v. Early, 39 Okla. 99, 134 P. 436, where a landlord without obligation so to do gratuitously undertakes repairs and by negligence in the repairs made causes the tenant loss or damage. Neither of the cited cases is applicable to the case at bar, since the testimony and evidence of plaintiff clearly established the fact that the defendants at most had merely promised to make the repairs of the fixture involved and had not done so, and that the injury of the plaintiff had been caused by the failure of the defendants to make the promised repair rather than any negligence in making a repair. Under this proof the plaintiff came within the rule announced in the authorities first above cited, and therefore presented a situation under which the plaintiff could not recover. There being a failure of proof essential to a recovery by the plaintiff, the trial court should have sustained the demurrer of the defendants to the plaintiff's evidence, and upon failure so to do should have sustained the motion of defendants for directed verdict. See Aetna Life Ins. Co. v. Goen, 188 Okla. 500, 111 P. 2d 195. On account of error of the trial court in the respects above pointed out, the cause

ie reversed and remanded, with directions to enter judgment for the defendants.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.