[Civ. No. 7539.   Third Dist.   Dec. 30, 1948.]

FRED WERNER, Appellant, v. JACOB KNOLL,
Respondent.

Stephen P. Galvin and Stephen P. Galvin, Jr., for Appellant.

C. Ray Robinson, Willard B. Treadwell, Margaret A. Flynn
and Litts, Mullen & Perovich for Respondent.

PEEK, J.—This is an action by plaintiff and appellant to
recover damages for the wrongful death of his son who sus-
tained fatal injuries while operating a tractor, owned by the
defendant and respondent, upon farm land leased by the

plaintiff from the defendant. The complaint alleges that the injuries were the proximate result of a latent defect in the tractor known to the defendant but unknown to the plaintiff or his son. Defendant's answer denied the allegations as to his negligence and alleged that the injuries were the proximate result of the contributory negligence of the plaintiff and his son. Defendant subsequently amended his answer to plead as a bar to the maintenance of the action the following covenant contained in the lease:

"First party [defendant] shall not be liable for any damage arising from personal injuries sustained by any person or persons, in, on, or about said premises, from any cause whatsoever, and second party [plaintiff] agrees to save and keep first party free and harmless of and from any such liability, loss or damage."

Plaintiff moved to strike the foregoing provision from the amended answer upon the ground that it was null and void as against public policy whereupon the parties entered upon a stipulation that the validity of the covenant be determined by the trial court prior to a hearing on the merits. A hearing was had at which evidence, both oral and documentary was introduced, including the agreement between plaintiff and defendant. At the conclusion thereof the court found in favor of the defendant that plaintiff was bound by said provision, that it was not against public policy or otherwise invalid and that plaintiff was barred from further prosecution of his complaint and that the same should be dismissed. Judgment was entered accordingly in favor of the defendant from which judgment plaintiff has taken this appeal, raising but one question, the validity of said provision.

From plaintiff's opening brief his attack appears to be that as section 1714 of the Civil Code provides that everyone is responsible for injury to persons or property, whether the result of willfulness or want of ordinary care, and as all contracts having for their object the exemption of anyone from the responsibility for his own willful injury to the person or property of another are "against the policy of the law" (Civ. Code, § 1668), that therefore the attacked provision contained in said lease is void as being "Contrary to an expressed provision of law" or "contrary to the policy of express law" (Civ. Code, § 1667), and hence is not available to the defendant as a defense. With such contention we cannot agree.

Clearly said section 1668 does not declare unlawful all contracts, the object of which is to exempt individuals

from the consequence of their own acts, but only those contracts which would exempt one from the consequences of his own fraud, willful injury or violation of law whether willful or negligent. It is noteworthy that the only use of the word negligent in said section is in a restrictive sense and only in connection with violations of law. Therefore it necessarily follows, that by the obvious omission from the provisions of said section 1668 of the Civil Code, contracts seeking to relieve individuals from the results of their own negligence are not invalid as against the policy of the law as therein provided, and hence are neither contrary to public policy nor expressed provision of the law as set forth in said section 1667.

In the case of *Inglis* v. *Garland,* 19 Cal.App.2d Supp. 767 [64 P.2d 501], a clause by which a lessee agreed to make no ". . . claim against the Landlord for any injury, loss or damage to person or property occurring therein from any cause" was held by the court to be a covenant not to sue and a bar to the maintenance of an action by the plaintiff lessee. Additionally the court held that a lease is a private contract between the parties thereto with which the general public is not concerned and therefore .the provision there in question was not void as against public policy. In so holding the court was but following the general rule (see Rest., Contracts, § 574) as applied in this state in the earlier case of *Stephens* v. *Southern Pacific Co.,* 109 Cal. 86 [41 P. 783, 50 Am.St.Rep. 17, 29 L.R.A. 751], which frequently has been cited with approval in like cases. (See 175 A.L.R. 83.) We find nothing to the contrary in the cases relied upon by appellant. They are in no way analogous to the situation presented herein and therefore are not in point.

In his reply brief appellant sets forth the additional contention that inasmuch as the provision in question purports to relieve respondent from liability arising from any cause it therefore attempts to relieve respondent from the consequences of his own fraud and willful injury as well as negligence contrary to the provisions of Civil Code section 1668 thereby rendering the entire provision invalid with the result that respondent cannot rely upon the provision to relieve him from the consequences of his own negligence. It is a sufficient answer to this contention to state that as presented the only question raised by the pleadings is whether or not said provision operates to relieve the respondent from the consequences of his own negligence resulting in injury upon the leased premises, and as so limited such provision is valid. (*Inglis* v.

*Garland, supra.*) The pleadings raise no question as to whether or not such provision serves to relieve defendant of liability for his own fraud or willful injury. The same issue would arise if the lease contained separate provisions purporting to relieve respondent from the consequences of his own fraud, willful injury, and negligence, and the respondent invoked the provision relieving him from liability from his own negligence. The asserted illegality of the provisions relating to fraud and willful injury would not deprive respondent of relying upon the provision relating to negligence since the rule is well established that a lawful promise based on a good consideration is not invalid because an unlawful promise is made for the same consideration (17 C.J.S. § 289, p. 674) and there is no reason to reach a different conclusion where the provisions relating to fraud, willful injury, and negligence are not separately stated but are included within the single phrase ''any cause.''

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 24, 1949. Carter, J., voted for a hearing.