Katherine CLIFTON, Plaintiff In Error,

v.

CHARLES E. BAINBRIDGE COMPANY, Inc., Defendant in Error.

No. 36940.

Supreme Court of Oklahoma.

May 8, 1956.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Lyman B. Beard, Tulsa, for plaintiff in error.

Kelly Brown, Muskogee, for defendant in error.

HUNT, Justice.

This is an appeal by Katherine Clifton from a verdict and judgment for the sum of $897.24, rendered against her in the District Court of Muskogee County in an action instituted by Charles E. Bainbridge Company, Inc., to recover for damages to merchandise, men's suits, caused by water leaking thereon while located in a leased portion of a two-story business building owned by defendant.

Plaintiff alleged that the defendant was obligated to keep the leased premises in repair and that the damage was caused by the failure and neglect of the defendant in allowing the roof and other areas in the building over the portion occupied by

plaintiff, and over which it had no control, to become in a state of disrepair and without proper drainage facilities, by reason of which water accumulated on the roof and the area over plaintiff's leased premises and leaked through the ceiling. The defendant answered, generally denying the allegations of plaintiff's petition, but admitting the execution of the written lease contract between the parties and denying that she was under any duty to keep the leased premises in repair. The lease contract was for a period of five years and covered store rooms 216 and 218 West Broadway in the City of Muskogee, being on the ground floor of the Raymond Building. The damage was discovered following a heavy rain and wind and the evidence indicates that the damage arose principally by reason of two clogged or stopped up water drains intended to carry rain water falling in or on what is referred to as a light court, a portion of which extended to and over the Bainbridge store premises. No previous damage had occurred from such source.

At the conclusion of plaintiff's evidence the defendant interposed a demurrer thereto, which demurrer was overruled, and at the conclusion of all the evidence the defendant renewed her demurrer to the evidence, which was overruled, and moved the court for an instructed verdict in her favor, which motion was overruled, with exception.

The plaintiff in error, in support of her assignments of error, presents as her first proposition the following:

"The court erred in overruling the defendant's motion for a directed verdict"

and asserts that there was no statutory or common-law duty imposed on the landlord to keep the leased business building in repair, and that the only statutory provision relating to the duty of a landlord to repair leased premises is Title 41 O.S.1951 §§ 31–32, which statutes have been construed not to apply to business buildings.

Plaintiff in error cites, among others, the case of Barker v. Findley, 136 Okl. 55, 275 P. 1054, which states that the stat-

utes above referred to have no application to business buildings and that at common law, in the absence of any agreement of the parties, the landlord is under no obligation to his tenant to keep the premises in repair.

In the opinion in Wick v. Wasson, 193 Okl. 209, 142 P.2d 124, 125, it is said:

"It is the settled doctrine in this jurisdiction that a landlord of a building leased or rented for business purposes is not, in the absence of a contract, under any obligation to keep the building in repair or liable for any loss or damage caused by defects therein. Price v. MacThwaite Oil & Gas Co., 177 Okl. 495, 61 P.2d 177; Nehring v. Ferguson, 170 Okl. 383, 40 P.2d 1040; Young v. Beattie, 172 Okl. 250, 45 P.2d 470.

"As said in Nehring v. Ferguson, supra: 'A landlord who rents rooms in a business building for manufacturing purposes, in the absence of any agreement between the parties, is under no obligation to his tenant to keep the premises in repair and is not liable for injury to an employee of the tenant caused by said defects.' "

Defendant in error, in response to the proposition advanced by plaintiff in error says that it, lessee, only had control of fifty feet of the first floor of the building, and quotes as applicable to the facts from 32 Am.Jur. 561, § 688, and cites, with other decisions, the case of Staples v. Baty, 206 Okl. 288, 242 P.2d 705, 706, which holds:

"Where the landlord retains possession and control of a portion of the leased premises for use in common by different tenants, he has the duty to use ordinary care to maintain such portion of the premises in a safe condition and is responsible for injury or damage to a tenant which results from his negligent failure to perform such duty."

It will be observed from reading this case and cases cited therein that the building involved was used for dwelling purposes and that the rule announced therein is limited in its application to that portion of

the premises retained by the landlord, such as halls, stairways and like purposes, for use in common by different tenants. The record in the present case does not show any portion of the building to have been reserved by the lessor for use in common by the tenants or that any damage arose from such source. The rule relied on by the defendant in error does not alter or conflict with the holding in the case of Barker v. Findley, supra, which holds:

"A landlord, who is under no implied obligation to a tenant to repair dilapidations and defects in a business building, is not responsible for injuries to property of his occupying tenant caused by leaky conditions in the roof of such building arising during such occupancy."

The fact that there was a vacant unoccupied room above the premises occupied by the lessee would not, under the facts shown, require a different application of law. The plaintiff in error further asserts that the lease imposed no contractual duty on her to keep the premises in repair and calls attention to the following clause in the lease as specifically exempting her from any liability under the facts here:

"The party of the first part (lessor) shall not be liable for any damage to any property at any time in said premises or building from water, rain or snow, which may leak into, issue, or flow from any part of said building of which the premises hereby leased are part, or from the pipes or plumbing works of the same, or from any other place or quarter."

Defendant in error, in response thereto, says the plaintiff in error, lessor, was attempting to contract against her plain duty and negligence in violation of Art. 23, § 8 of our Constitution, which declares void any contract which attempts to waive any of the rights under the Constitution, and in violation of Title 15, §§ 211–220, of which § 212 declares all contracts which have for their object to exempt anyone from responsibility for his own fraud or wilful injury to the person or property of another, or violation of law, whether wilful or negligent, to be against the policy of the law, and as additional authority cites 12 Am.Jur. 655. Our attention has not been called to any decision of this court involving a similar lease provision. However the statute, Title 15, § 212, supra, is referred to in the case of Sunlight Carbon Co. v. St. Louis & S. F. R. Co., 8 Cir., 15 F.2d 802, which action arose in this state and involved a clause in a contract wherein it was agreed, as an inducement to the railway company, to construct and maintain a spur track that the railway company should not be liable for or on account of any loss or damage which might at any time, in any manner, arise or be sustained by the other party by reason of fire to buildings of the shipper erected at or near the spur track. The court sustained the validity of such agreement and held:

"Release of railroad from liability for fire damages resulting from operation of spur track to plaintiff's plant, executed to induce construction of spur, Held not void as against public policy, notwithstanding Comp.St.Okl. 1921, § 5066."

The California Court in Werner v. Knoll, 89 Cal.App.2d 474, 201 P.2d 45, holds:

"1. The statute providing that all contracts which directly or indirectly exempt any one from responsibility for his own fraud or willful injury to personal property of another or violation of law whether willful or negligent are unlawful does not declare as unlawful, contracts the object of which is to exempt individuals from consequence of their own acts, nor render unlawful contract seeking to relieve individuals from results of their own negligence."

"A provision in the lease conferring immunity on a lessor for loss arising from the non-repair or misrepair of the demised premises even though resulting from the negligence of himself or his agent is not contrary

to public policy." Kirshenbaum v. General Outdoor Adv. Co., 258 N.Y. 489, 180 N.E. 245, 84 A.L.R. 645.

*32 Am.Jur. 615 § 739 states:*

"It seems generally agreed that the landlord may by a stipulation to that effect in the lease or by other agreement with his tenant lawfully relieve himself from any responsibility for damages caused by any vice or defect in the leased property. It is not against public policy for the landlord to contract for an exemption from liability for injury to person or property from leakage, bursting of water pipes, or other damage by water, whether due to the landlord's negligence or that of his agents or employees, or to stipulate who, as between himself and his tenant shall bear a loss arising from nonrepair or misrepair of the demised premises; these are not matters of public concern."

In Weirick v. Hamm Realty Co., 179 Minn. 25, 228 N.W. 175, it is held that a lease is a matter of private concern between lessor and lessee with which the public is not concerned, and if the parties contract that the lessor shall not be liable for damages received from his own negligence the law will permit them to do so.

"It is not unreasonable to assume that the consideration that induces a tenant to enter into such a covenant is the fixing of a lower rental for the demised property than would otherwise be demanded by the lessor. Upon this matter the parties may bargain freely and agree upon their own terms. The covenant in question contravenes no policy of the law." Lerner v. Heicklen, 89 Pa.Super. 234.

See also Griffiths v. Henry Broderick, Inc., 27 Wash.2d 901, 182 P.2d 18, 175 A.L.R. 1; Fidelity Union Life Ins. Co. v. Fine, Tex.Civ.App., 120 S.W.2d 138;

Franklin Fire Insurance Co. v. Noll, 115 Ind.App. 289, 58 N.E.2d 947.

From a consideration of the lease clause exempting the lessor from liability for damages to property in the building arising from water, rain or snow, and the lease as a whole, we conclude as a matter of law that the clause is not void as against public policy, nor violative of any statute and is valid insofar as the same is sought to be applied and enforced in this action, and constitutes a bar to any judgment for damages sought to be recovered herein. The lease contains a clause which provides that the lessor shall have the right to enter the premises to examine and make such repairs or alterations as is deemed necessary for the safety and preservation of the building. The defendant in error says the lessor thereby assumed an obligation to keep the premises repaired. We do not agree to such construction. Reservation of such right does not create an obligation to make repairs.

The plaintiff in error, as a further ground of reversal, asserts that the trial court did not instruct the jury upon any tenable legal theory which would impose liability upon the defendant. In view of our holding herein we do not deem it necessary to discuss the merit of such assignment.

We have examined the record and find and conclude, as a matter of law, that there was no competent evidence to justify submission of the issues to a jury and the trial court should have sustained the defendant's motion for an instructed verdict.

The judgment of the District Court is reversed and the cause remanded with directions to enter judgment for the defendant, Katherine Clifton.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.